**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

NETWORK F.O.B., INC.,                             Case No.: 3:16-bk-03416-PMG

        Debtor.                                  Chapter 7
_____/

**TRUSTEE'S MOTION FOR AUTHORITY TO**
**SELL PROPERTY OF THE ESTATE AT PRIVATE SALE**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and serve a copy on the movant's attorney, Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

      Aaron R. Cohen, as Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, moves the Court for entry of an order in substantially the form attached hereto as **Exhibit A**, authorizing the Trustee, pursuant to 11 U.S.C. § 363(b) and Rules 2002(a)(2), (c)(1) and 6004(c), Federal Rules of Bankruptcy Procedure, to sell certain property of the estate at private sale, and in support thereof says:

45386539;1

1. This Chapter 7 case (the "Bankruptcy Case") began with an involuntary petition filed against the Debtor on September 8, 2016 (the "Petition Date"). The Court later entered an order for relief on February 8, 2017 (Doc. No. 62), and on February 8, 2017, the Trustee was appointed.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

3. An asset of this bankruptcy estate includes a restitution award (the "Estate's Criminal Restitution Award") in the original amount of $183,010.84 awarded to the Debtor in the case styled *State of Minnesota v. Laura Michelle Schwartz,* Dakota County District Court, State of Minnesota, Case No. 19HA-CR-12-2095. On or about February 13, 2018, the Trustee received $4,085 from the Dakota County District Court ("DCDC") and in March 2018, the Trustee received an additional $300 from DCDC.

4. Under the terms of the Estate's Criminal Restitution Award, Laura Michelle Schwartz is required to make monthly payments of $300 (the "Monthly Payments").

5. In accordance with the (i) Order Approving Settlement Agreement with CSNK Working Capital Finance Corp., Doing Business as Bay View Funding, (ii) Authorizing Sale of Estate Assets, (iii) Modifying the Automatic Stay, and (iv) Enjoining Claims to Receivables (Doc. 177), the Trustee retained any and all other property of the bankruptcy estate not specifically transferred, sold, or assigned to CSNK Working Capital Finance Corp., doing business as Bay View Funding ("Bay View") under the Settlement Agreement dated April 20, 2017 between the Trustee and Bay View (the "Retained Property"), The Retained Property, which includes the Estate's Criminal Restitution Award, shall be property of the bankruptcy estate free and clear of any claim, lien, or encumbrance of Bay View.

6. Accordingly, the Estate's Criminal Restitution Award is property of the bankruptcy estate and subject to administration by the Trustee. *See* 11 U.S.C § 541.

### Proposed Sale

7. Alpha Assets Corp. and/or its assignee(s) (the "Purchaser"), has agreed to pay $10,000 (the "Purchase Price") in exchange for the Estate's Criminal Restitution Award (the "Offer"). This Offer does not include the $4,685 the Trustee has received to date but would include any payments received by the Trustee after the date of this Motion through the closing of any sale of the Estate's Criminal Restitution Award.

8. Upon receipt of the Purchase Price in full, the Trustee shall deliver an Assignment of the Estate's Criminal Restitution Award to the Purchaser in the form attached hereto as **Exhibit B**. The sale of the Estate's Criminal Restitution Award will be as is, where is, without representation or warranty from the Trustee.

9. The Trustee believes that a public sale of the Estate's Criminal Restitution Award, after marketing- and selling-related expenses would not result in a higher net return to the bankruptcy estate, and that the sale will provide a meaningful return to creditors in this case.

10. The Trustee further requests that the Court waive the FRBP 6004(h) fourteen-day notice period after the entry of an order approving the sale.

11. The Estate reserves the right, without penalty, to withdraw this offer of sale at any time, and any funds, bids or deposits received by the Trustee for the purchase of the Estate's Criminal Restitution Award shall be held in trust pending completion of the sale.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an Order in substantially the form attached hereto as **Exhibit A**: (i) authorizing the Trustee to sell the Estate's Criminal Restitution Award to the Purchaser; (ii) authorizing the Trustee to deliver

an Assignment in the form attached hereto as **Exhibit B** to the Purchaser; (iii) waiving the FRBP 6004(h) fourteen-day notice period after the entry of an order approving the sale; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: June 8, 2018    AKERMAN LLP

By: */s/ Jacob A. Brown*
    Jacob A. Brown
    Florida Bar No.: 0170038
    Email: jacob.brown@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, FL  32202
    Telephone:  (904) 798-3700
    Facsimile:  (904) 798-3730

and

Raye C. Elliott
Florida Bar No.: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile:  (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

In accordance with the Court's Order (i) Limiting Notice, (ii) Establishing Noticing Procedures, and (iii) Authorizing Trustee to Retain and Pay for Notice and Service (Doc. 105), I hereby certify that on June 8, 2018, the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notices in this case.

    */s/ Jacob A. Brown*
    Attorney

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

NETWORK F.O.B., INC.,                                   Case No.: 3:16-bk-03416-PMG

            Debtor.                                                       Chapter 7

_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO**
**SELL PROPERTY OF THE ESTATE AT PRIVATE SALE**

THIS CASE came before the Court upon the Motion (the "Motion")[1] (Doc. ___) of Aaron R. Cohen, Chapter 7 Trustee, for entry of an Order authorizing the Trustee to sell certain property of the bankruptcy estate at private sale. Based upon the Motion and there being no objection after proper notice to parties in interest pursuant to Local Bankruptcy Rule 2002-4 on June 8, 2018, it is,

**ORDERED:**

1.     The Motion is GRANTED, as set forth herein.

2.     The Trustee is authorized to sell the Estate's Criminal Restitution Award to the Purchaser, in exchange for $10,000 (the "Purchase Price").

---

[1] Defined terms from the Motion are incorporated by reference herein.

45386653;1

Exhibit A

3.      The Purchaser shall pay the Trustee the Purchase Price within ten (10) days of entry of this Order.  Upon the Trustee's timely receipt of the Purchase Price in good and sufficient funds, the Trustee is authorized to deliver an Assignment to the Purchaser in the form attached as Exhibit B to the Motion.

4.      The Purchaser shall be entitled to receive all Monthly Payments made after June 8, 2018.

5.      The Trustee is authorized to execute all documents necessary to fully consummate the sale and the transfer of the Estate's Criminal Restitution Award whether such documents are now known or become known or necessary in the future.

Attorney Jacob A. Brown is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

Prepared by:
Jacob A. Brown, Esq.
Akerman LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202

## ASSIGNMENT OF CRIMINAL RESTITUTION AWARD

By this Assignment, given this ___ day of _____, 2018, **Aaron R. Cohen, as Trustee (and not individually) of the Bankruptcy Estate of Network F.O.B., Inc.**, which is pending in the United Stated Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 3:16-bk-03416-PMG, whose address is P.O. Box 4218, Jacksonville, Florida 32201-4218, for value received, does hereby assign to **ALPHA ASSETS CORP. and/or its assignee(s), a corporation incorporated in the State of New York, whose address is P.O. Box 1137, New York, New York, 10116-1137,** for itself and its successors and assigns, all rights, title, and interests which Network F.O.B., Inc. ("Debtor") has and holds under that certain criminal restitution award, in the original amount of $183,010.84, made in favor of the Debtor in the case styled *State of Minnesota v. Laura Michelle Schwartz,* Dakota County District Court, State of Minnesota, Case No. 19HA-CR-12-2095, and entered on or about December 3, 2012.

The Trustee is duly authorized to execute this Assignment and to bind the Bankruptcy Estate thereby.

IN WITNESS WHEREOF, Aaron R. Cohen, as Trustee (and not individually) of the Bankruptcy Estate of Network F.O.B., Inc., has executed this Assignment as of the day and year first above written.

_____
**Aaron R. Cohen, as Chapter 7 Trustee (and not individually) of the Bankruptcy Estate of Network F.O.B., Inc., Case No. 3:16-bk-03416-PMG**

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF DUVAL         )

The foregoing instrument was sworn to and acknowledged before me this ___ day of _____, 2018, by Aaron R. Cohen, Chapter 7 Trustee, who is personally known to me.

_____
Notary Public, State of _____
Name: _____
My Commission Expires: _____
My Commission Number is: _____

45386659;2

Exhibit B